

FILED
December 23, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

IN THE THIRD COURT OF APPEALS
AUSTIN TEXAS

RECEIVED
DEC 2 3 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

DENNIS TUMLINSON      §

V.      §      03-15-00642-CV

CAROLYN BARNES, ET AL      §

## MOTION FOR LEAVE TO SUPPLEMENT RECORD AND TO EXTEND TIME FOR FILING APPELLEE'S BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CAROLYN BARNES, hereinafter referred to as BARNES, and files this motion for leave to supplement the Clerk's Record and to extend time for filing Appellee's Brief, and in support thereof would show the court as follows:

1. On December 9, 2015, Barnes filed a motion for extension of time to file the appellee's brief because she was still awaiting arrival of the clerk and court reporter's record, which the Clerk's Office stated they mailed on December 4, 2015. Barnes received the CD on December 10, 2015, the same day that she received a very disturbing letter via email from Jeffrey Kyle returning all her documents recently filed in the Third Court and the trial court.

2. On December 9, 2015, when Barnes requested an extension of time to file the Appellee's Brief until December 23, 2015, she could not have anticipated the email from Jeffrey Kyle on December 10, 2015. It took

1

Barnes the remainder of the week to investigate and respond to Jeffrey Kyle's unilateral actions outside the due course of law. Barnes secured Orders from the Administrative Judge and timely responded to the accusations of Jeffrey Kyle without any benefit of substantive due process on December 17, 2015.

3. It was only then that Barnes was able to begin going through the CD of the record to insert the cites into Appellee's Brief. There are no hyperlinks that work in the CD and Barnes literally has to scroll through every page. The CD is not even a searchable pdf. In going through the tedious process, Barnes discovered many missing documents—some due to lack of designation and some due to oversight or miscommunication. There is no way that Barnes could have anticipated that there would be so many gaps in the Clerk's Record. Barnes immediately drafted a letter to the District Clerk requesting a supplementation of the record. A true and correct copy of the letter is attached hereto as Exhibit A.

4. When Barnes started going through the record, she discovered for the first time, the letter that was hand-delivered to the trial Judge by Appellant's counsel requesting the court reporter's record. Barnes was not ever served with a copy of that letter that was hand-delivered to the trial

Judge. Neither Appellant's attorney nor the Judge made Barnes aware of this letter.

5. Further, as Barnes went through the Clerk's Record, Barnes discovered for the first time, a letter to the Clerk from Appellant's counsel designating matters to be included in the record. Neither Appellant's counsel nor the Clerk notified Barnes of this designation or sought Barnes' designation of matters to be included in the record on appeal. As is shown in the letter attached, there are many documents that were not designated for inclusion that will support the Judge's decision in this matter. These matters include Barnes' Brief in Support of Response to Motion to Dismiss filed on August 14, 2015, Plaintiff's Objections, Motion to Strike and Response to Travis County Defendants' Late-Filed Supplement to Third Motion to Dismiss filed on September 8, 2015, and Barnes' Brief on Constitutional Rights filed on September 8, 2015.

6. The missing documents were a combination of non-designation and oversight because Barnes does see the designation of the Plaintiff's Objections, Motion to Strike and Response to the Travis County Defendants' Late-Filed Supplement to the Third Motion to Dismiss filed on September 8, 2015 listed in Appellant's designation letter; however, it is not in the C.R. The Appellee's Briefs were not designated by Appellant for inclusion in the

record, but were documents considered by the trial judge in reaching her decision and, in fairness, should be included in the C.R.

7. Barnes is filing this motion for leave to supplement the record and for an extension of time to file the brief in good faith and not for purposes of delay, but so that justice may be done.

8. The Brief is due in three days and as soon as the Clerk provides the supplemental record, Barnes should be able to file the Brief within 24 hours thereafter. The Brief is ready to file and the places for the cites are bracketed and just needing the volume and page number.

9. Tumlinson certainly will not be harmed by the delay because Barnes has been foreclosed from appealing the summary dismissal of the other Travis County defendants in this case due to the refusal of the trial court to grant Barnes' motion to sever claims so they can be appeal that was filed back in September and set for hearing in October and November without action by the Court.

10. This case cannot proceed in the trial court until the appellate court takes action. The trial court has failed and refused to sever the dismissed parties from the suit so that Plaintiff can appeal the summary dismissal of those defendants under an abuse of Chapter 13 Tex. R. Civ. Proc. Plaintiff is being hindered from appealing the adverse rulings of the

trial court, while Tumlinson is allowed an interlocutory appeal. This is patently unfair when the abuser and criminal is employed by the government and can destroy all the evidence of his crime and the malicious, violent assault on Barnes. This assault was in broad daylight in the Travis County Courthouse clearly captured on the security video cameras. Despite Barnes securing an immediate Order from a District Judge to preserve and protect that video recording that would prove the truth, these State employees destroyed the video anyway. Despite numerous open records requests, letters and packets to four separate grand juries that were intercepted by the State employees, and requests under the freedom of information act, all discovery was denied to Barnes in both the malicious prosecution and in the civil case which is now being appealed. Barnes served discovery but the biased trial court allowed all the defendants to merely ignore the discovery requests. The trial court even refused to hear the motions to compel discovery.

11. Due to the continuing criminal conspiracy, these appeals are much more involved that regular appeals and require much more work to brief and present. In a normal case, the parties will have been allowed some semblance of substantive due process and would have been afforded the due course of law and equal rights, but Barnes has been deprived of all rights

secured by the Texas Bill of Rights for over five years now. Barnes has even been deprived of any right to file a petition to redress these grievances through declaratory judgment and prospective injunctive relief. The trial court dismissed all the defendants under the false pretense that all these criminal offenders have absolute sovereign immunity to violate the Texas Bill of Rights.

12. Barnes timely filed her notice of appeal from the summary dismissal of the other Travis County defendants, but is not being allowed to proceed with those appeals. It is patently unfair to allow this interlocutory appeal while depriving Barnes of any rights to appeal. This not only violates equal protection under the law, it also violates substantive due process and the due course of law. Additionally, the Clerk of the Third Court of Appeals now takes the position that even though Barnes timely filed her notices of appeal and the trial court refused her request to sever the claims so they could be timely appealed, that Barnes will now be forever barred from appealing these summary dismissals without any semblance of substantive due process or the due course of law. Barnes was literally deprived of any discovery or trial. All of the claims and causes of action were summarily dismissed under Rule 91a, Chapter 13 or 27, or by summary judgment without discovery, and then to really make sure Barnes was forever

outlawed and disfranchised, Barnes was summarily deemed to be a vexatious litigant under Chapter 11, again without any substantive due process or jury trial. These were all malicious abuses of process, but without any reasonable or meaningful appellate remedies there can be no rule of law. Barnes was summarily deprived of any reasonable or meaningful avenue to vindicate the gross and repeated violation of her rights guaranteed as forever inviolate by the Texas Constitution, just as she has been for over five years. All without any appellate remedy or oversight.

13. The brief is due on December 23, 2015. Barnes did not obtain the CD until the 10th and on the same day, she was hit with a shocking letter from Jeffrey Kyle that took until December 17, 2015 to obtain the orders and fully respond to his letter and unwarranted return of Barnes' timely and properly filed documents.

14. Barnes promptly notified the Clerk of the necessary supplementation by letter dated December 18, 2015 and emailed to the specific Clerk handling the supplementation on December 19, 2015. Barnes believes the Clerk will be filing the supplementation in due haste.

15. Barnes is not allowed to access any internal records of any of the courts. Barnes has been left indigent as a direct and proximate result of the malicious actions of the criminal conspiracy and the complete

suspension of the laws, Constitution, and writ of habeas corpus for the past five years.

16.    To be timely, the brief should be mailed to the Court today; however, without the supplemental record, Barnes is unable to properly cite to the record on appeal in the brief as required by the rules of appellate procedure.

17.    Barnes is requesting an extension of time for 7 additional days due to the intervening holidays because until the supplemental CD arrives, Barnes will be unable to complete the brief. This is a time consuming process with such a voluminous record.

18.    This will cause no harm or delay to the other side because when Barnes filed her appeals and motion to sever to make the summary dismissals final, the trial court failed and refused to sever the summary dismissal orders and parties. Thus, Barnes is not able to appeal those companion decisions that were made and heard at the same time as Tumlinson's motion to dismiss under Chapter 13.

19.    Thus, the Appellee's Brief is due on December 23, 2015. Appellant does not agree to this request for extension of time and Appellant's counsel opposes this request.

20. Barnes is requesting an extension of time to December 30, 2015 to allow for any closing of offices during the intervening holiday. Barnes will make every effort to file the brief earlier if the supplemental record is made available immediately. Once the supplemental record is supplied, Barnes can file the brief within 24 hours if the post office is open due to the intervening holidays.

21. Barnes is requesting an extension of time for 7 additional days. This is her second request for an extension of time. The first extension of time was for 14 days and Barnes now seeks an additional 7 day extension of time to allow the supplementation of the record because of the week it took to respond to the unexpected letter and return of documents from Jeffrey Kyle and anticipation of office closing and post office closing during the intervening holiday.

22. This request is being made in good faith and not merely for delay. BARNES prays for such other and further relief to which she may be entitled, whether at law or in equity.

Respectfully submitted,

Carolyn Barnes
419 Indian Trail
Leander, Texas 78641
Barnes.legalguidance@gmail.com
281-467-8681

## JURAT

COUNTY OF WILLIAMSON

STATE OF TEXAS

Pursuant to Texas Civil Practices and Remedies Code Sec. 132.001, I, Carolyn Barnes, do hereby swear and affirm that the facts stated above are true and correct based on personal knowledge.

I aver that "My name is Carolyn Barnes, by date of birth is January 12, 1957, and my address is 419 Indian Trail, Leander, Texas 78641 in the United States of America. I swear under penalty of perjury that all the facts stated herein are within my personal knowledge and true and correct.

I have read the foregoing Motion for Extension of Time to File the Appellee's Brief and the facts stated within that are not verified by the record are true and correct to the best of her knowledge.

SWORN TO BEFORE ME ON THIS 19th day of December, 2015.

By: _____
Carolyn Barnes

# CERTIFICATE OF CONFERENCE

Barnes has conferred with opposing counsel sending several emails to him and he is not in agreement. In fact, Barnes had previously understood that he had agreed to her first request for extension of time when in fact he had not agreed. After his venomous written opposition filed with this court, Barnes went back and re-read his email and in fact he had not agreed. Barnes had misread his email in her haste to get the motion for extension of time filed with the court in a timely fashion. Barnes could not imagine any legitimate reason to oppose a reasonable request when she did not have access to the record and he knew Barnes would need to cite to the record in her brief. Anticipating a quick response of agreement, that is what Barnes saw when she received his email response. Barnes now stands corrected. He stated "we do object to an extension." Therefore, Appellant's counsel does not agree to any requests for extension of time.

_____
Carolyn Barnes

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that a true and correct copy of the foregoing document has been served pursuant to Rule 21a of the Texas Rules of Civil Procedure on all counsel of record on this the 21st day of December 2015.

Carolyn Barnes
419 Indian Trail
Leander, TX 78641


December 18, 2015


Trish Winkler
Civil Appeals Clerk II
Travis County District Clerk's Office
P.O. Box 679003
Austin, Texas 78767-9003


RE:    COA No. 03-15-642-CV Dennis Tumlinson v. Carolyn Barnes
        Cause No. D-1-GN-15-000877
        Carolyn Barnes v. Texas Attorney General, et al

Dear Trish:

I am in receipt of the record you prepared for the defendant and filed with the Third Court of Appeals in the above cause. There were several matters left out of the record designation that are necessary for this appeal. Would you please prepare a supplemental Clerk's Record as soon as possible and file it with the Third Court of Appeals. Please include the following documents in the supplemental record:

First Amended Answer filed July 8, 2015;

Plaintiff's Motion to Enter a Default Judgment against DENNIS TUMLINSON filed on July 9, 2015. (There were several motions to enter default judgment filed on that date, but I only need the one concerning DENNIS TUMLINSON);

Noticed of Unequal Treatment Under the Law filed on July 9, 2015;

Motion to Remove Complex Case from Central Docket filed July 9, 2015;

Plaintiff's Motion for Continuance filed on July 10, 2015.

Plaintiff's Supplemental Objections, Motion to Strike, and Motion to Quash Travis County filed July 15, 2015;

Plaintiff's Supplemental Notice of Unequal Treatment filed on July 20, 2015;

Sworn Statement Under Declaration of Penalty of Perjury filed on July 27, 2015;

Statement Under Declaration of Penalty of Perjury filed on August 12, 2015;

Plaintiff's Brief in Support of Response to Motion to Dismiss filed August 14/18, 2015;

Defendant's Motion to Stay Discovery filed August 19, 2015;

Continuing Objections filed on August 20, 2015;

Plaintiff's Third Supplemental and Continuing Notice of Unequal Treatment filed on August 24, 2015;

Plaintiff's Objections, Motion to Strike, Motion to Quash and Response to Travis County Late-filed Supplement to Third Motion to Dismiss filed September 8, 2015;
Brief on Constitutional Rights filed on September 8, 2015;

All of these documents are needed for appeal in the above entitled cause and request is made that you file the Clerk's Record in the Third Court of Appeals at your earliest convenience.

We previously filed the Affidavit of Inability to Pay Costs on Appeal.

If you require anything further from me, if there are any deficiencies or defects in these documents or this filing procedure, please advise immediately.

Thank you for your time and attention in this matter. If you have any problems, concerns, or questions, please contact me.

TIME IS OF THE ESSENCE.

Very truly yours,

Carolyn Barnes
Barnes.legalguidance@gmail.com

**PLEASE PRESS FIRMLY**

**PLEASE**

# PRIORITY MAIL

**UNITED STATES POSTAL SERVICE**

Flat Rate Mailing Envelope

*Visit us at usps.com*

**INTERNATIONAL RESTRICTIONS APPLY:**

Customs forms are required. Consult the
International Mail Manual (IMM) at pe.usps.gov
or ask a retail associate for details.

Label 228, January 2008

**PRIORITY MAIL**

**UNITED STATES POSTAL SERVICE**

**For Domestic
and International Use**

**UNITED STATES POSTAL SERVICE**

**P**

## US POSTAGE PAID

# $5.75

1006

Origin: 78641
Destination: 78711
3.80 oz.
Dec 21, 15
4850400888-09

## PRIORITY MAIL® 1-DAY

Expected Delivery Day: 12/22/15

### USPS TRACKING NUMBER

9505 5111 7217 5355 4399 18

From CJBoynes
4/a Brytian Trail
Leander, TX 78641

TO Third Court of Appeals
P.O. Box 12547
Austin, TX 78711